REQUESTED BY: Dear Senator Lamb:
You have submitted to us a proposed amendment to LB 445, and have asked our opinion as to its constitutional validity. We believe the provisions of the amendment are constitutionally suspect.
LB 445, as originally introduced, would submit to the electors a proposed amendment to Article VIII, section 11, of the Nebraska Constitution. We need not discuss the original bill, because the amendment you inquire about would substitute for it five new sections. Instead of a constitutional amendment, LB 445 would simply be a statutory enactment.
Summarized, the bill, under the amendment, would provide that when either parent of at least 10 percent of the students or 35 students, whichever was lesser, attending school in any school district, is employed in the construction of an electric generating facility, the public power district, public power and irrigation district, municipality, electric cooperative, electric membership cooperative, or other entity constructing the facility shall make certain payments to the school district. The payments specified are, briefly, the average per pupil ad valorem tax levy for the previous year times the number of children of such employees.
The problem is that there seems to be a conflict with Article VIII, section 11, of the Constitution, which provides that every public corporation and political subdivision organized primarily to provide electricity or irrigation and electricity shall annually make the same payment in lieu of taxes as it made in 1957.
That constitutional provision also authorizes the Legislature to require such public corporations to make certain other specified payments in lieu of taxes.
The constitutional provision then says that, with certain exceptions not pertinent here, such payments in lieu of taxes shall be in lieu of all other taxes, payments in lieu of taxes, franchise taxes, occupation and excise taxes. It appears to us that the payments specified in the amendment in question fly directly in face of this latter provision, and constitute an additional payment in lieu of taxes, prohibited by the above constitutional provision.
Section 3 of the amendment would authorize the political subdivisions to make such payments to school districts for school years commencing with the 1977-78 school year which had begun or been completed prior to the effective date of the act. No guidelines are laid out to determine when the subdivision should do so. In Lincoln Dairy Companyv. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960), the court said that the Legislature could not delegate legislative authority to an administrative authority without standards prescribed in the legislative act. We find no such standards in the proposed amendment. The payment, or nonpayment of sums for past school years seems to be in the absolute, unfettered, and unguided discretion of the entity constructing the electrical facilities. We believe this may be an unconstitutional delegation of legislative power.